FRIEMANN, Appellant, v. FRIEMANN, Respondent.

St. Louis Court of Appeals, October 16, 1906.

DIVORCE: Abandonment: Weight of Evidence. In an action for
divorce by the husband on the ground that the wife had aban-
doned him for one whole year without reasonable cause, where
the evidence showed that the separation between the two was
caused, not by any antipathy of the wife against her husband,
but was brought about by the intermeddling of outside parties,
and there appeared no reason why a reconciliation should not
be effected, the bill was properly dismissed.

Appeal from St. Louis City Circuit Court.—*Hon. Walter
B. Douglas,* Judge.

AFFIRMED.

*Bass & Brock* for appellant.

BLAND, P. J.—On August 28, 1906, plaintiff filed
his petition in the circuit court of the city of St. Louis,
praying for a divorce from the defendant, on the ground
that the defendant, without reasonable cause, abandoned
the plaintiff for the space of one whole year next before
the date of the filing of the petition. The defendant was
personally served with summons but made default.

The evidence shows that the plaintiff and defend-
ant were married on December 20, 1903, and continued

to live together as husband and wife until the tenth day of April, 1904, when the defendant left plaintiff and went to live with her mother. Plaintiff's evidence tends to show that defendant abandoned plaintiff without reasonable cause, and that the separation was brought about by the intermeddling of defendant's mother; that after the abandonment plaintiff, on divers occasions, tried to induce his wife to return and live with him but she refused to do so. The defendant was called as a witness and testified, in substance, that a cousin, who was an employee of plaintiff, lived in the house with them and was constantly intermeddling with the affairs of the family to the great annoyance of defendant; that she repeatedly asked the plaintiff to discharge his cousin but he refused to do so, and for this reason she left him and went to live with her mother; that after the separation she told plaintiff, on several occasions, that if he would get rid of his cousin she would live with him, but he refused to do this.

After the separation, a child was born to the defendant and is now in her custody.

The court, on hearing the evidence, dismissed the plaintiff's bill, from which action of the court plaintiff appealed.

An examination of the testimony, we think, clearly shows that there is no valid reason why plaintiff and defendant may not live together in harmony as husband and wife. The cause of the separation is not to be attributed to any antipathy of the wife against her husband, but was brought about by the intermeddling of outside parties to whom plaintiff and defendant should have turned a deaf ear. A way is still open for a reconciliation and the parties should avail themselves of it and make an earnest effort to reunite and live together as husband and wife in peace and harmony. It is not the law that courts, on proof of abandonment only, must grant a decree of divorce, if it reasonably appears that

the parties may be reconciled by a reasonable effort on the part of the complaining party. In the light of the evidence, that a reconciliation may be brought about by proper conduct and reasonable effort on the part of the plaintiff, we think the learned circuit judge did right in dismissing the bill, and affirm the judgment. All concur.